## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LYNETTE DAVIS, Individually and Ex Rel. L.J., a Minor,** | |
| **COLTAN EDWARDS,** | |
| **and** | |
| **MICHAEL BANKS,** | |
| *Plaintiffs,* | **Case No:** _____ |
| **v.** | |
| **MEGABUS NORTHEAST LLC,** | |
| *Serve Counsel:* | |
| Keith Reinfeld, Esq. | |
| Fox Rothschild LLP | |
| 75 Eisenhower Parkway | |
| Suite 200 | |
| Roseland, NJ 07068-1600 | **TRIAL BY JURY DEMANDED** |
| **and** | |
| **MEGABUS SOUTHEAST LLC,** | |
| *Serve Counsel:* | |
| Keith Reinfeld, Esq. | |
| Fox Rothschild LLP | |
| 75 Eisenhower Parkway | |
| Suite 200 | |
| Roseland, NJ 07068-1600 | |
| *Defendants.* | |

## <u>COMPLAINT</u>

COMES NOW Plaintiffs, Lynette Davis ("Davis") acting individually and as a representative of her minor child, L.J., Coltan Edwards ("Edwards"), and Michael Banks ("Banks") (collectively henceforth referred to as "Plaintiffs"), by and through the undersigned counsel, who bring this action against Megabus Northeast LLC ("Megabus Northeast") and

Megabus Southeast LLC ("Megabus Southeast") (collectively henceforth referred to as "Megabus" or "Defendants") for unlawful discrimination on the basis of race in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, *et seq.*, as amended, ("Section 1981"), intentional infliction of emotional distress, and assault. In support thereof, Plaintiffs aver as follows:

## INTRODUCTION

1.      This action arises from Defendants' outrageous discriminatory conduct against Plaintiffs while Plaintiffs were passengers on Megabus's bus. Plaintiffs were harassed and called derogatory terms by Megabus's employees.

## JURISDICTION

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4), and 28 U.S.C. § 1367.

3.      Venue is proper pursuant to 28 U.S.C. § 1391 because the events giving rise to the claims occurred in the District of Columbia and because at all relevant times, Defendants were doing business in the District of Columbia.

## PARTIES

4.      Plaintiff Lynette Davis ("Davis") is an adult woman of African-American descent. Davis is a resident of the state of Florida. She is acting individually and as a representative of her minor child, L.J.

5.      Plaintiff L.J. ("L.J.") is a minor child of African-American descent, who is the son of Davis and the brother Edwards. L.J. is a resident of the state of Florida.

6.      Plaintiff Coltan Edwards ("Edwards") is an adult male of African-American descent. Edwards is a resident of the state of Florida. Edwards is one of Davis' sons and was also present on the bus.

7.      Plaintiff Michael Banks ("Banks") is an adult male of African-American descent, who resides in the state of Georgia. Banks was a passenger on the Megabus at the time of the incident.

8.      Defendant Megabus Northeast LLC ("Megabus Northeast") is a bus and coach company that provides services throughout the United States. Megabus Northeast's principal place of business is 349 First Street, Elizabeth, NJ 07206. Megabus Northeast operates routes in or through Connecticut, Delaware, District of Columbia, Maryland, Massachusetts, New York, New Jersey, North Carolina, Pennsylvania, Rhode Island Tennessee, and Virginia.

9.      Defendant Megabus Southeast LLC ("Megabus Southeast") is a bus and coach company that provides services throughout the United States. Megabus Southeast's principal place of business is 705 Lively Avenue, Norcross, GA 30091. Megabus Southeast operates routes in the southeast U.S., including routes to/from Atlanta, Georgia and routes within Alabama, Florida and Louisiana.

10.     Megabus Southeast and Megabus Northeast operate under the brand name of Megabus, which includes several other Megabus branded companies broken up by geographical location. Despite the existence of supposedly different entities, customers book travel through the website http://us.megabus.com without knowing which company will be operating their particular Megabus bus. Upon information and belief, passengers who travel multiple legs of a trip through different geographical areas of the country may ride on buses operated by different entities without their knowledge.

## STATEMENT OF FACTS

11.     As part of Megabus's terms of service, Megabus agree not to discriminate on the basis of race. Plaintiffs expected to fully enjoy the terms of their bus ride without being subject to racial discrimination or harassment.

12.     On or around January 4, 2015, Davis, Edwards, and L.J. embarked on their trip from their vacation in New York City to Orlando, Florida aboard Megabus. The trip was comprised of three legs: New York City to Washington D.C.; Washington D.C. to Atlanta, Georgia; and Atlanta, Georgia to Orlando, Florida.

13.     Davis, Edwards and L.J. completed their trip from New York City to Washington D.C. without incident.

14.     However, upon boarding Megabus located at Union Station, 50 Massachusetts Avenue, NE, Washington, DC 20002, Davis was seated on the bus with her sons when two Megabus employees began storing luggage behind Davis's and her sons' headrests.

15.     Worried about the safety of herself and her sons, Davis voiced concern about loose luggage being stored over her and her sons' heads.

16.     In response to Davis's concerns, one of Megabus employees became angry and responded by calling Davis and her sons "niggers," "slaves," "drug addicts," and "motherfuckers."

17.     Banks, who was also a passenger on the bus, began to intervene in the conflict and attempted to defend Davis from the verbal attacks, but he was also threatened and called derogatory terms by the employee.

18.     The Megabus employee's racial tirade continued for approximately 15 minutes during which time he physically intimidated and verbally threated Plaintiffs.

19.     The Megabus employee threatened to remove Davis and her luggage from the bus.

20.     After the Megabus employee exited the bus, he approached the window nearest Plaintiffs, formed his hands into a gun shape, and pointed them at Edwards.

21.     No other Megabus employee, including the driver, did anything to address the outrageous behavior against Plaintiffs.

22.     To add insult to injury, upon starting the bus, the Megabus driver stated over the loudspeaker, "If anyone has any drugs, distribute them now so we can have a smooth rest of the ride." This comment, though not explicitly, made reference to and further embarrassed Plaintiffs.

23.     Plaintiffs were forced to ride nearly 17 hours on the Megabus bus feeling humiliated, scared, distressed, and upset.

24.     Plaintiffs have continued to suffer mental and emotional distress due to the actions of Megabus's employee.

25.     Plaintiffs filed a complaint with the District of Columbia Office of Human Rights (DCOHR) on or around March 12, 2015, alleging the discriminatory conduct that Plaintiffs experienced while aboard Defendants' bus.

**COUNT I – DISCRIMINATION UNDER SECTION 1981 OF THE CIVIL RIGHTS ACT OF 1866; ALL PLAINTIFFS AGAINST ALL DEFENDANTS**

26.     This paragraph reincorporates paragraphs 1-25 of this Complaint as though more fully set forth herein.

27.     As described above, Megabus's outrageous conduct constituted discrimination because of Plaintiffs' race in violation of Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, *et seq.*

28.     Through Megabus's discriminatory conduct, it deprived Plaintiffs of their right to make and enforce contracts on the same terms as enjoyed by white persons, in violation of 42 U.S.C. § 1981.

29.     In addition, Megabus is liable for the employee's actions under the doctrine of *respondeat superior*.

30.     WHEREFORE, Plaintiffs are entitled to a judgment against Megabus under Count I of this Complaint.

## COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; ALL PLAINTIFFS AGAINST ALL DEFENDANTS

31.     This paragraph reincorporates paragraphs 1-25 of this Complaint as though more fully set forth herein.

32.     The Megabus employee engaged in extreme and outrageous conduct by threatening Plaintiffs and by harassing Plaintiffs with extremely offensive and derogatory terms.

33.     Megabus's actions intentionally, or in the alternative, recklessly caused Plaintiffs severe emotional distress. Megabus's actions were malicious.

34.     In addition, Megabus is liable for the employee's actions under the doctrine of *respondeat superior*.

35.     WHEREFORE, Plaintiffs are entitled to a judgment against Megabus under Count II of this Complaint.

## COUNT III – ASSAULT ALL PLAINTIFFS AGAINST ALL DEFENDANTS

36.     This paragraph reincorporates paragraphs 1-25 of this Complaint as though more fully set for the herein.

37.     The Megabus employee intended to put Plaintiffs in apprehension of immediate and harmful or offensive conduct when he continuously yelled at, insulted, and threatened Plaintiffs.

38.     Plaintiffs apprehended the immediate and harmful or offensive conduct intended by the Megabus employee.

39.     In addition, Megabus is liable for the employee's actions under the doctrine of *respondeat superior*.

40.     WHEREFORE, Plaintiffs are entitled to a judgment against Megabus under Count III of this Complaint.

## JURY DEMAND

41.     Plaintiffs hereby demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

A.     Enter a declaratory judgment finding that the foregoing actions of Defendants violate 42 U.S.C. § 1981, *et seq.*;

B.     Award Plaintiffs compensatory damages in an amount to be determined at trial that would fully compensate Plaintiffs for the humiliation, embarrassment, and mental and emotional distress caused by the conduct of Defendants;

C.     Award punitive damages to Plaintiffs in an amount to be determined at trial that would punish Defendants for their willful, wanton, and reckless conduct alleged herein and that would effectively deter Defendants from engaging in similar conduct in the future;

D.     Award Plaintiffs reasonable attorney's fees and costs arising from this action; and

E.      Any other relief that this Court deems just and proper.

Respectfully submitted,

By Counsel:
GOWEN RHOADES WINOGRAD & SILVA PLLC

Date:May 18, 2016                          _____/s/ F. Peter Silva, II_____
F. Peter Silva II, Esq.
D.C. Bar No: 1010483
513 Capitol Court NE, Suite 100
Washington, DC 20002
Phone: (202) 380-9355
Fax: (202) 499-1370
PSilva@gowenrhoades.com
*Attorney for Plaintiffs*